Reese, J.
delivered the opinion of the court.
The jurors who returned the verdict in this case were tried before the presiding judge, according to our practice, to ascertain whether they were good and lawful men, and above .all just exception. Upon this trial and examination, all who were elected by the prisoner, and among the rest, one Little-bery Bryant and one Thomas St. John, testified, on oath, that they had neither formed nor expressed an opinion as to the guilt or innocence of the prisoner. After a verdict of conviction, the defendant, on a motion for a new trial, presented to .the court his affidavit, stating that, at the time, Bryant and St. John were put to him for challenge or election, he did not know that they had formed and expressed an opinion; and his affidavit was accompanied by the affidavit of three persons, to prove that the jurors in question had formed and expressed the opinion that he was guilty. ¿
Two of these affidavits relate to the juror St. John, one of them stating that the juror had said, in reference to some previous conduct of the defendant, that he ought to have been .sent to the penitentiary; and the other, that he had expressed his opinion upon the merits of the case before the court, without disclosing in the affidavit whether that opinion was favorable, or the contrary. It is obvious that these affidavits deserve not the least consideration.
The other affidavit relates to the juror, Bryant, and states that the juror, shortly before the trial, declared to affiant that his opinion was that the prisoner was guilty “of the charge, and ought to be convicted and sent to the Penitentiary.” And the question is — Ought a new trial to have been granted on the ground of this affidavit? We are clearly of opinion that it pught not.
Note. The anthorities upon this subject will be found collected in 1 Chitty’s Criminal Law, 542, Note A, 3d Am., from the 2d Eng. Ed., and 1 Cowan, 438 in
Without insisting, as might well be done, that the oath of the juror, upon the trial quoad affectum, before the court, would be an equipoise as against the oath contained in the affidavit, we think that if there had been other affidavits of the same tenor, they ought not to countervail the oath of the juror. The loose impressions and conversations of a juror, founded upon rumor, would not, if disclosed by him, or others, to the court, have the effect to set him aside as incompetent, and might, therefore, be readily forgotten, or even, perhaps, properly pretermitted by the juror, when upon oath, as not deserving to be regarded as the formation or expression of opinions and convictions. Nothing would be more calculated to impair the just administration of the laws than to set aside verdicts upon such grounds.
When a case shall arise of a juror, hostile to a defendant, and maliciously seeking, with a view to his injury, to pass upon his trial, by denying upon oath his opinions and convictions, it will present a case, which, as it will differ from the present, may receive from us a different determination.
Let the judgment be affirmed.